**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 25-1120

———————

JONATHAN VALENTIN,
Appellant

v.

PHILADELPHIA COUNTY SHERIFF'S DEPARTMENT;
DEPUTY OFFICER MR. DEREK MURPHY, Badge No. 1609;
DEPUTY OFFICER MS. AMANDA RODRIGUEZ, Badge No. 5535

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-01175)
District Judge: Honorable Mitchell S. Goldberg

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: May 14, 2026)

———————

OPINION[*]

———————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jonathan Valentin appeals from the dismissal of his civil rights suit by the United States District Court for the Eastern District of Pennsylvania. For the reasons that follow, we will affirm the District Court's order.

Valentin filed suit in 2019 under 42 U.S.C. § 1983, alleging that his rights were violated during his 2017 arrest in Philadelphia Family Court. He named as defendants the Philadelphia County Sheriff's Department, Officer Derek Murphy, and Officer Amada Rodriguez.[1] Valentin claims that Murphy grabbed his neck, placed him into a chokehold, and threw him into a wall. The defendants denied Valentin's claims, submitted declarations by Murphy and Rodriguez, and moved for summary judgment.

In 2022, the District Court granted the defendants' summary judgment motion, ruling that Valentin failed to submit evidence to support his claims. Valentin appealed, and we affirmed in part, vacated in part, and remanded. *Valentin v. Phila. Cnty. Sheriff's Dep't*, No. 22-1527, 2023 WL 5607556 (3d Cir. Aug. 30, 2023) (non precedential). The three claims which survived summary judgment were excessive force under the Fourth Amendment, false arrest under the Fourth Amendment, and First Amendment retaliation. *Id.* at *5.

Upon remand, Valentin "missed nearly every deadline" set by the District Court and "repeatedly filed frivolous Motions in an effort to delay his own trial." On June 18, 2024, Valentin failed to appear for a status conference. On August 12, 2024, Valentin

---

[1] Per the defendants' filings, Rodriguez's first name is not "Amanda," as set forth in the case caption.

failed to file his pre-trial memorandum or motions in limine pursuant to the Court's scheduling order. Because Valentin was not complying with deadlines, the Court was forced to postpone the original trial date of August 26, 2024. On September 10, 2024, Valentin failed to appear at a virtual settlement conference before a Magistrate Judge, despite written confirmation two days prior that he was aware of it.

Valentin subsequently filed a motion to reschedule the settlement conference, and the Court granted it, postponing the second trial date of October 28, 2024, in order to do so. At a scheduling conference on November 4, 2024, Valentin confirmed that he would be available and ready for a trial in January 2025, and that he would be able to appear in person at that time; relying on this declaration, the District Court issued a new scheduling order. At that conference, the Court advised Valentin that he was required to comply with the Court's orders. On November 28, 2024, Valentin asked for an extension of time to submit his pre-trial documents, which was granted by the Court.

On December 12, 2024, the new, extended deadline for filing his pre-trial documents, Valentin failed to file his documents. Instead, he filed an additional motion for an extension of time, which was denied. On December 16, 2024, Valentin filed another motion for extension of time, which was also denied. On December 27, 2024, Valentin filed another motion for extension of time, requesting to extend all deadlines, including the trial scheduled to begin little more than two weeks later. The Court denied this motion, citing among other reasons the continued unfairness to the defendants caused by Valentin's dilatory conduct, but the Court did grant Valentin extra time, until January

3

3, 2025, to file his pretrial memorandum and witness list. The Court warned Valentin explicitly in its December 31, 2024, order that it would consider dismissing the case if he did not appear for trial on January 13, 2025, or if he attempted to further delay proceedings.

Valentin failed to file his pretrial memorandum or witness list by January 3, 2025. Instead, in the days before trial he filed an assortment of documents including an out-of-time amended complaint, several additional requests for extensions of time, and an appeal of a non-final order to this Court.[2] On January 6, 2025, at the final, virtual pretrial conference, the Court informed Valentin that "if he failed to appear for the January 13, 2025 trial date, [the Court] would seriously consider granting a Motion from the Defense to Dismiss for Failure to Prosecute." The Court also denied Valentin's final motion to postpone trial at that time.

On January 13, 2025, Valentin failed to appear in person for trial. At that time, the District Court granted the defendants' oral motion to dismiss for failure to prosecute. The District Court concluded that dismissal was warranted under the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Valentin appeals.

---

[2] That appeal, C.A. No. 25-1023, was dismissed for lack of appellate jurisdiction.

We have jurisdiction over the District Court's order dismissing the complaint pursuant to 28 U.S.C. § 1291. We review its dismissal under Rule 41(b) for an abuse of discretion. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 131 (3d Cir. 2019).

Under Rule 41(b), a district court may punitively dismiss an action if a litigant has failed to prosecute or comply with a court order. Before doing so, courts in our Circuit ordinarily must consider the six factors outlined in *Poulis*: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (emphasis omitted) (quoting *Poulis*, 747 F.2d at 868).

We see no abuse of discretion here. The District Court analyzed the *Poulis* factors and concluded that each factor, with the exception of the sixth,[3] weighed in favor of dismissal. The record supports the District Court's findings. As our recitation of the procedural background reveals (and as discussed in more detail in the District Court's orders), Valentin was personally responsible for his repeated violation of Court orders.

---

[3] The District Court found that the sixth *Poulis* factor (the meritoriousness of the claims) presumptively weighed against dismissal, as this Court previously remanded the claims to be tried.

He was warned that dismissal was likely if he did not attend trial, yet nevertheless failed to appear.

Valentin argues in his brief that the District Court failed to consider his pro se status or his difficult financial and housing circumstances. But the District Court explicitly considered those factors in its decision. The District Court concluded that dismissal was warranted in light of Valentin's multiple failures to appear and missed deadlines, despite many accommodations on his behalf. We discern no abuse of discretion in this conclusion. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373-74 (3d Cir. 1992) (explaining that we must afford great deference to a district court's decision to dismiss a complaint due to a litigant's failure to follow court orders).

Accordingly, we will affirm.